```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

DAVID KOSOFSKY and
RUSALYN KOSOFSKY                                      PLAINTIFFS

vs.                       CASE NO. 13-3020

MELVIN BYLER and
ANGELA BYLER                                          DEFENDANTS

<u>ORDER</u>

    Now on this 10th day of June, 2013, the above referenced matter comes on for this Court's consideration of **Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction** (document #11). The Court, having reviewed the pleadings of the parties, and all other matters of relevance before it, and being well and sufficiently advised, finds and orders as follows:

    1.   The plaintiffs commenced this lawsuit on January 30, 2013. The complaint seeks a declaratory judgment that the plaintiffs are the rightful owners of two tracts of real property located in Searcy County, Arkansas, and that the defendants have not acquired ownership of that property by adverse possession. The plaintiffs also asserts claims for trespass and ejectment.

    2.   In the instant motion, the defendants seek to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The defendants argue that the plaintiffs cannot meet the amount in controversy requirement found in 28 U.S.C. § 1332.

    3.   Under 28 U.S.C. § 1332(a)(1), diversity jurisdiction is conferred on the federal courts in civil actions between citizens

of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met.  28 U.S.C. § 1332(a)(1).  According to caselaw, "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994)(quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

  4. The following facts appear to be undisputed for the purposes of this motion:

  * In April of 2006, the plaintiffs purchased approximately 70 acres of real property in Searcy County, Arkansas for $86,500.  This portion of the real property at issue is referred to as Tract 1.

  * In 2008, the plaintiffs purchased a second tract, comprising of approximately 8 acres, adjacent to Tract 1 for #13,000.  This portion of the real property at issue is referred to as Tract 2.

  * The defendants own real property adjacent to Tract 1 and 2.

  * On January 19, 2013, plaintiff David Kosofsky and defendant Melvin Byler met concerning a prior grant of written permission allowing the Bylers' cattle to enter Tract 1 and Tract 2 to drink from the creek on the property.

* Plaintiffs commenced this lawsuit on January 30, 2013.

* The defendants state they wish to continue to use a portion of the property – which they measure at approximately 15 acres.

* The plaintiffs measure the portion of the property upon which the Bylers' cattle previously entered at approximately 26.6 acres.

5. As stated above, in this motion, the defendants argue that the plaintiffs cannot meet the amount in controversy requirement for diversity jurisdiction. Defendants argue that the portion of the tracts of land upon which the cattle enter – whether measured at 15 acres or 26.6 acres – is valued at well below $75,000.

In their response to the motion to dismiss, plaintiffs argue that the amount in controversy exceeds $75,000 because this action seeks a declaration that the plaintiffs are the rightful owners of the entire two tracts of real property – totaling 78 acres – which the plaintiffs purchased for $99,500. In support of their argument:

* Plaintiffs allege that during the January 19 meeting, the defendant Melvin Byler indicated that he owned all of both tracts of property by virtue of adverse possession.

* Plaintiffs further allege that even if the defendants only assert that they own, or are entitled to use, a portion of the property, eliminating or encumbering *that* portion of the property,

an area which contains a creek, damages the whole.

  \* Finally, plaintiffs allege that the smaller portion of the property which the defendants now assert is at issue is valued, by itself, in excess of $75,000.

  6.   Usery v. Anadarko Petroleum Corp., 606 F.3d 1017, 1018 (8th Cir. 2010) establishes that "in a suit for declaratory or injunctive relief the amount in controversy is the value to the plaintiff of the right that is in issue."  However,

> [t]he question is not how a plaintiff subjectively values a right or even what his or her good-faith estimate of its objective value is: The question is the actual value of the object of the suit.  In a quiet title action . . . a district court must determine what the property interest at issue is worth in the marketplace, which is a matter of objective fact.

Id. at 1019.

  7.   Here, the plaintiffs seek a declaratory judgment that they are the rightful owners to the entirety of *two* tracts of real property located in Searcy County, Arkansas, and that the defendants have not acquired ownership of those *two* tracts by adverse possession.  The two tracts of property were purchased by the plaintiffs in 2006 and 2008 for a total of $99,500.

  Based on this evidence, the Court finds that plaintiffs have met their burden to prove that the amount in controversy is sufficient for diversity jurisdiction by a preponderance of the

evidence.  Although defendants claim that the actual property at issue is less than the entire *two* tracts named in the complaint, the defendants have not established to a *legal certainty* that the claim is for less than the jurisdictional minimum.  *See* Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009).

The defendants' motion, therefore, should be **denied.**

**IT IS, THEREFORE, ORDERED** that **Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction** (document #11) is **denied.**

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE